UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MOHAMED SALEM, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 22-CV-10350-AK |
| STONEHAM POLICE DEPARMTENT and CITY OF STONEHAM, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON DISCLOSURE OF PLAINTIFF'S CRIMINAL OFFENDER RECORD INFORMATION (CORI)**

**A. KELLEY, D.J.**

Defendants, Town of Stoneham and Stoneham Police Department, have moved for an order compelling the production of Plaintiff Mohamed Salem's ("Salem") Criminal Offender Record Information (CORI). [Dkt. 18]. This motion stands unopposed by Plaintiff. After due consideration, for the following reasons, the motion to compel production of Plaintiff's CORI [Dkt. 18] is **DENIED WITHOUT PREJUDICE.**

**I. BACKGROUND**

Plaintiff Salem is an Egyptian immigrant, who is licensed as a real estate agent in Massachusetts. [Dkt. 1-3 ("Compl.") at ¶ 1]. He alleges the following facts in his complaint about his treatment by the Stoneham Police on December 21, 2018. [Id. at ¶¶ 4-23]. Salem arrived at a property ahead of his scheduled appointment time to prepare for a showing to a prospective buyer. [Id. at ¶ 4]. Having obtained the key from a lockbox outside, he entered the property and began to prepare the home for the real estate showing. [Id. at ¶¶ 4-5]. Stoneham

1

police officers showed up at the listed property, allegedly in response to a break-in call, "with guns drawn and pointed towards plaintiff Salem's head." [Id. at ¶ 6]. The Officers yelled at Salem to get on his knees and put his hands behind his back. [Id. at ¶ 8]. Salem complied, despite being confused and frightened about the situation, and tried to explain what he was doing at the property. [Id. at ¶¶ 9-10]. The Officers continued their questioning and kept Salem in handcuffs as they called for backup. [Id. at ¶¶ 11-12]. Only after the potential buyer arrived on the scene and explained to the police officers that Salem was in fact their real estate agent did the officers remove his handcuffs. [Id. at ¶ 18]. Salem alleges that throughout this encounter, he feared for his life and safety, and sustained numerous injuries. [Id. at ¶¶ 13, 20-21]. Due to this incident, Salem reportedly entered therapy to treat his Post Traumatic Stress Disorder ("PTSD") and has been diagnosed with other medical conditions. [Id. at ¶¶ 22-23].

Defendants removed this case to Federal Court on March 10, 2022. [Dkt. 1]. They filed their answer to the complaint shortly thereafter, denying much of Salem's allegations. [Dkt. 5]. After this Court adopted the parties scheduling proposal, Defendants filed a motion for the disclosure of Salem's CORI. [Dkt. 18]. The rationale for accessing this information was so it could be used for impeachment purposes. [Id.].

This Court then entered an order asking Defendants to submit a memorandum in support of its motion for disclosure of Plaintiff's CORI that would address the relevance of the information and any potential prejudice to Plaintiff. [Dkt. 23]. In response, Defendants filed a memorandum of law in support of their original motion stating disclosure of plaintiff's CORI was necessary "to prepare an adequate cross-examination of him and to test the credibility of his testimony." [Dkt. 25 at 2]. No additional rationale was provided for why this information was

sought. Defendants did not assert that the disclosure of the CORI was relevant for any purpose related to the parties ongoing fact discovery. [Id.]. Plaintiff did not file any responsive pleading.

## II.     LEGAL STANDARD

During discovery, a party is entitled to discover "any nonprivileged matter that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). Information within this scope "need not be admissible in evidence to be discoverable." Id. Discovery is not unlimited and "has ultimate and necessary boundaries." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (internal citations and quotations omitted).

An attorney in a civil action may request the CORI from the Department of Criminal Justice Information Services ("DCJIS") "for the purposes of witness impeachment or trial strategy." Howe v. Town of N. Andover, 784 F. Supp. 2d 24, 32 (D. Mass. 2011). In order to obtain that information, the "attorney of record must 1) submit a motion to the trial judge requesting approval of a general grant of access to the specific individual's CORI and 2) attach an affidavit to the motion stating that the CORI is to be used exclusively for witness impeachment or trial strategy in the civil suit." Id.

Prior convictions, used to attack "a witness's character for truthfulness," are admissible at trial, subject to the restrictions outlined in Federal Rules of Evidence 609. If a conviction is admissible under Federal Rules of Evidence 609, it may still ultimately be excluded under Federal Rules of Evidence 403 "if its probative value is substantially outweighed" by the danger of unfair prejudice.

**III.     DISCUSSION**

Defendants in support of their motion for disclosure of Salem's CORI have asserted that they should be allowed to access his criminal records, or determine their existence, "in order to prepare an adequate cross-examination of him and to test the credibility of his testimony." [Dkt. 25 at 2]. Defendants' motion is devoid of any additional argument explaining how the records may be relevant to their claims or defenses. This case concerns the conduct of the Stoneham Police on December 21, 2018 and whether, as has been alleged in the complaint, they violated Salem's rights under the United States Constitution, Massachusetts state law, and the common law of this jurisdiction. The criminal record of the Plaintiff has no relevance whatsoever to answering that question.

At this stage in the proceedings, no trial date has been set. The opportunity for any cross-examination and impeachment is nowhere in sight. This case may never reach a trial for different reasons, including settlement and resolution following dispositive motions. With these potential outcomes, there would be no need to have this sensitive information disclosed to the parties.

Salem's criminal history information has no bearing on a case of this nature. Neither the facts leading to the alleged civil rights violation, nor the value of the claims Salem asserts are relevant to his criminal history. The release of sensitive information of this nature only serves to discourage plaintiffs from bringing lawsuits for fear of embarrassment. Allowing access to CORI, without establishing the relevance of the information therein to the merits of the claims or to the case's disposition at trial, would enable any civil litigant to circumvent the ordinary protections placed on such private and sensitive information.

Defendants offer no explanation for how plaintiff's criminal history played a role in the officers' actions on December 21, 2018.  Consequently, Defendants are not entitled to discovery of that information at this stage because it is not relevant.  Fed. R. Civ. P. 26 (b)(1).  Should the parties wish to raise their request again, they may do so sixty days before any scheduled trial date.

## IV.    CONCLUSION

For the foregoing reasons, the motion to compel production of Plaintiff's CORI [Dkt. 18] is **DENIED WITHOUT PREJUDICE**.

    **SO ORDERED.**

Dated:  
March 9, 2023

/s/ Angel Kelley  
Hon. Angel Kelley  
United States District Judge